IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RICHARD MOORE, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

VS.     No. 4:21-cv-01156-BRW

**TRANSCO LINES, INC.**     **DEFENDANT**

## ORDER

Pending is Plaintiff's Motion For Costs and Attorneys' Fees (Doc. No. 19). Defendant has responded and Plaintiff has replied.[1] For the reasons set out below, the motion is GRANTED IN PART and DENIED IN PART. Plaintiff's lawyers ("SLF"[2]) are entitled to $1,500 in lawyers' fees and $402 in costs from Defendant.

### I. BACKGROUND

Plaintiff filed this FLSA collective action on November 24, 2021, but never requested conditional certification.[3] There was discovery but no substantive motions. After an initial demand of $24,753.14, Plaintiff settled for $6,500. Now, Plaintiff seeks $6,448.00 in fees and $552 in costs.

### II. DISCUSSION

The Fair Labor Standards Act allows for reasonable lawyers' fees upon successful litigation of the claim.[4] Congress included the fee-shifting language so citizens would have

---

[1] Doc. Nos. 21, 23.

[2] Sanford Law Firm.

[3] Doc. No. 1.

[4] 29 U.S.C.A. § 216 ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

access to the courts to enforce their federal rights.[5] While that concept is good in theory, it has become apparent that, in practice, lawyers' fees are the driving force in many FLSA cases.[6]

The lodestar method is the "most useful starting point for determining the amount of a reasonable fee."[7] It requires the court to consider "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[8] Then, the court should "adjust the fee upward or downward on the basis of the results obtained."[9] "[T]he lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case."[10] "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys."[11]

---

[5]*Morales v. Farmland Foods, Inc.*, No. 8:08CV504, 2013 WL 1704722, *5 (D. Neb. April 18, 2013) (The "purpose of the FLSA attorney's fee provision is to insure effective access to the judicial process," and "encourage the vindication of congressionally identified policies and rights.").

[6]See *Jones v. RK Enterprises of Blytheville, Inc.*, No. 3:13-CV-00252-BRW, 2016 WL 1091094, at *6 (E.D. Ark. Mar. 21, 2016), aff'd, 672 F. App'x 613 (8th Cir. 2016) ("The fact that a case involves fee shifting does not open the door to unwarranted billing that would otherwise never be incurred. Additionally, a lawyer is still required to do a cost-benefit analysis when considering whether to proceed to trial or settle a case, just as lawyer in a non-fee-shifting case would."); *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1168 (S.D. Fla. 2003) (holding that "an entitlement to attorney's fees cannot be a *carte blanche* license for Plaintiffs to outrageously and in bad faith run up attorney fees without any threat of sanction" after finding that the plaintiff "leveraged a small sum as a stepping-stone to a disproportionately large award of attorney's fees").

[7]*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[8]*Id*.

[9]*Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003).

[10]*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551(2010) (emphasis in original).

[11]*Hendrickson v. Branstad*, 934 F.2d 158, 162 (8th Cir. 1991) (internal quotations omitted).

"An attorney[s'] fees award under a fee-shifting statute should be comparable to what is traditionally paid to attorneys who are compensated by a fee-paying client."[12] Hours that were not "reasonably expended" must be excluded.[13] "Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."[14]

A.     **Requested Hourly Rates**

SLF requests the following hourly rates: $300 (Vanessa Kinney); $285 (Steve Rauls); $250 (Stacy Gibson); $190 (Courtney Lowery); $150 (Colby Qualls); $75 (law clerk); and $100 (paralegal).[15]

As SLF knows, or should know assuming it reads any previous fees orders beyond the final fee awarded, these are not reasonable rates for a simple FLSA case in Arkansas. Nothing more needs to be said. A quick Westlaw search will reveal that nearly every judge in the Eastern and Western Districts of Arkansas repeatedly have rejected these rates. In fact, just a few weeks ago, they were rejected in five separate cases.[16]

---

[12]*Morales,* 2013 WL 1704722, at *7 (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 287 (1989)).

[13]*Hensley*, 461 U.S. at 434.

[14]*Id.*

[15]Doc. No. 45.

[16]*Clark v. Pollo, LLC*, No. 4:20-CV-01100-LPR, 2023 WL 2692425 (E.D. Ark. Mar. 29, 2023); *Bolin v. Trinity Prop. Mgmt., LLC*, No. 4:20-CV-885-LPR, 2023 WL 2714990 (E.D. Ark. Mar. 29, 2023); *Huey v. Trinity Prop. Mgmt., LLC*, No. 4:20-CV-685-LPR, 2023 WL 2715271 (E.D. Ark. Mar. 29, 2023); *Mitchell v. Brown's Moving & Storage, Inc.*, No. 4:19-CV-783-LPR, 2023 WL 2715027 (E.D. Ark. Mar. 29, 2023); *Brown v. Trinity Prop. Mgmt., LLC*, No. 4:19-CV-617-LPR, 2023 WL 2715022 (E.D. Ark. Mar. 29, 2023).

Based on a review of the submission and my knowledge of the local prevailing rates, I find that the reasonable hourly rates are and new totals are:

| Attorney | Reasonable Hourly Rate | Hours Claimed | New Total |
|---|---|---|---|
| Vanessa Kinney | $175 | 3.6 | $630.00 |
| Steve Rauls | $175 | 1.1 | $192.50 |
| Stacy Gibson | $175 | 9.3 | $1,627.50 |
| Courtney Lowery | $150 | 1.8 | $270.00 |
| Colby Qualls | $150 | 11.7 | $1,755.00 |
| Paralegal | $100 | 3.7 | $370.00 |
| Law Clerk | $25[17] | 3.5 | $87.50 |
| **Adjusted Rate Total:** | | | **$4,932.50** |

**B.     Hours Expended**

Now, I must consider the reasonableness of the hours expended. SLF did what the law requires: a self-audit resulting in a 42% reduction in hours requested.[18] This does not automatically make the remaining request reasonable. In the past, I have performed a line-by-line discussion of all of the erroneous billing. That is not required here. Instead, I will focus on the success of the claim. A year after a bunch of emails and minimal discovery, SLF, on behalf of its client, demanded $24,753.14 in damages.[19] After a month of back-and-forth emails with opposing counsel, the parties agreed to $3,000 in damages and $3,500 for a confidentiality

---

[17] *Clark v. Pollo*, LLC, No. 4:20-CV-01100-LPR, 2023 WL 2692425, at *3 (E.D. Ark. Mar. 29, 2023); *Bonds*, 2021 WL 4130508, at *3.

[18] *Oden v. Shane Smith Enterprises, Inc.*, 27 F.4th 631, 634 (8th Cir. 2022) ("When a party submits a fee petition, it is not the opening bid in the quest for an award.") (citations and quotations omitted).

[19] Doc. No. 17-3.

agreement.[20]  So, Plaintiff's settlement on actual damages was 12% of the original demand, meaning the original demand, obviously, was inflated.  But, if reasonable demand is made on the initially, there is no way to accrue fees.  With this paltry success in mind, if I reduced the fees to 12% of the demand, the result would be $591.90.  However, that is not reasonable.  Instead, Plaintiff is awarded $1,500 in fees, considering that the case settled, essentially, for a nuisance amount.  What other conclusion can there be when the confidentiality agreement had a higher value than the liability amount?

### C. Other Musings

In a bold move (and typed in bold font), SLF demands:  "**Before this Court reduces either the hours or the hourly rates of Plaintiff's counsel, this Court should require Defendant to disclose both the hours worked and the hourly rates of its attorneys.**"[21]  Four points: (1) SLF is not being asked to pay Defendant's bills; (2) Defendant has not repeatedly taken "low-stakes FLSA cases, overstaff[ed] them, and ask[ed] defendants to pay for its inefficiencies";[22] (3) it is SLF that "continues to submit excessive fee requests despite warnings from several courts";[23] and (4) only SLF has a history of "negotiating tactics . . . more akin to a shakedown than a good faith effort to determine a reasonable fee."[24]

---

[20]Doc. Nos. 17-1, 17-3.

[21]Doc. No. 20.

[22]*Oden v. Shane Smith Enterprises, Inc.*, 27 F.4th 631, 632 (8th Cir. 2022).

[23]*Skender v. Eden Isle Corp.*, 33 F.4th 515, 523 (8th Cir. 2022).

[24]*Oden*, 27 F.4th at 634.

**D.     Costs**

Plaintiff requests $552 in costs. However, the costs for service fees are not recoverable under 28 U.S.C. § 1920.[25] Plaintiff is entitled to costs of $402.

## CONCLUSION

Based on the above reasons, Plaintiff's Motion to Approve Attorney Fees (Doc. No. 19) is GRANTED IN PART and DENIED IN PART. Plaintiff is entitled to $1,500 in lawyers' fees and $402 in costs from Defendant.

IT IS SO ORDERED this 17th day of April, 2023.

<u>Billy Roy Wilson</u>
UNITED STATES DISTRICT JUDGE

---

[25] *Thomas v. Viskase Companies, Inc.*, No. 3:19-CV-330-DPM, 2022 WL 1477435, at *1 (E.D. Ark. May 10, 2022) ("The postage and the private service fee, however, aren't recoverable as costs.").